UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LENNY JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13998** |
| **STATE OF LOUISIANA** | **SECTION: "F"(3)** |

**O R D E R**

Petitioner, Lenny Joseph, has filed a pleading which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his current confinement based on a 2012 state criminal judgment.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to that same state criminal judgment. That petition was dismissed with prejudice as untimely. Joseph v. Vannoy, Civ. Action No. 16-0546, 2016 WL 4433640 (E.D. La. June 10, 2016), adopted, 2016 WL 4419004 (E.D. La. Aug. 19, 2016).

The petition presently before the Court is therefore a second or successive petition as described in 28 U.S.C. § 2244. Accordingly, in order to overcome the prohibition against the filing of a second or successive claim under that section, petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered on the merits by this District Court, petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as he obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that the petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this \_\_\_16th\_\_\_ day of \_\_\_\_\_April_____, 2020.

_____
**UNITED STATES DISTRICT JUDGE**